Richard A. Wright
Wright Marsh & Levy
300 S. Fourth Street, Suite 701
Las Vegas, NV 89101
702-382-3003
rick@wmllawlv.com

John Balazs
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
916-447-9299
john@balazslaw.com

Attorneys for defendant
Jose Luis Reynaldo Reyes-Castillo

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

**United States of America**,

   Plaintiff,

v.

**Jose Luis Reynaldo Reyes-Castillo**, *et al.*

   Defendants.

Case No. 2:19-cr-00103-JCM-VCF

**MOTION TO AMEND COMPLEX CASE SCHEDULING ORDER**

  Defendants JOSE LUIS REYNALDO REYES-CASTILLO, MIGUEL TORRES-ESCOBAR, and DAVID ARTURO PEREZ-MANCHAME, through their respective attorneys, hereby move the Court to amend the complex case scheduling order entered in this case on June 7, 2019 (ECF No. 28) as set forth below. Counsel

for the government do not oppose this motion. Given the complexity of the evidence, volume of discovery, and death penalty protocol process (for all three charged defendants), it is unreasonable to expect each defendant could adequately prepare for trial within the timeframe mandated by the Speedy Trial Act and the initial complex case scheduling order .

## I. COMPLEXITY AND VOLUME OF THE CASE

**A.  The Charges, Potential Penalties, and Case Status**

1. On April 30, 2019, a federal grand jury seated in Las Vegas, Nevada returned a three-count Indictment charging three defendants – JOSE LUIS REYNALDO REYES-CASTILLO, a.k.a. "Molesto," MIGUEL TORRES-ESCOBAR, a.k.a. "Chamilo," and DAVID ARTURO PEREZ-MANCHAME, a.k.a. "Walter Melendez," a.k.a. "Herbi" — with offenses related to the January 21, 2018 murder of Arquimidez Sandoval-Martinez. (ECF No. 1). More specifically, all three defendants are charged with Murder in Aid of Racketeering (VICAR Murder), in violation of Title 18, United States Code, Sections 1959(a)(1) and 2 (Count One); Using, Carrying, and Discharging a Firearm During and In Relation to a Crime of Violence, in violation of Title 18, United States Code, Sections 924(c) (Count Two); and Causing Death Through the Use of A Firearm, in violation of Title 18, United States Code, Sections 924(j) and 2 (Count Three).

2. Counts One and Three are both death penalty eligible offenses. Count Two carries a mandatory minimum penalty of 10 years' imprisonment and a statutory maximum penalty of life imprisonment.

3. The Indictment alleges that the defendants were members and associates of the criminal street gang *Mara Salvatrucha*, commonly known as MS-13, and the Parkview clique in Las Vegas, Nevada, specifically. The Indictment further alleges that MS-13, including its leaders, members, and associates, constituted an enterprise which engaged in racketeering activity consisting of multiple acts involving murder, kidnapping, and robbery, among other offenses.

4. The discovery in this case will be voluminous. It includes, but is not limited to, thousands of pages of documents, including the complete "murder book", investigative reports from both federal and state agencies, court documents, photographs, medical examiner reports, summaries and/or transcripts of multi-hour interviews with various individuals (several of which involve Spanish speakers and are in the process of being translated), toll records, forensic reports and related data, social media records, and other such materials; multiple audio and video recordings; and items of physical evidence, including clothing, knives, firearms, and other such items.

5. On September 26, 2019, the Court granted the parties motion for a protective order governing discovery. (ECF No. 41).

6. On or about October 15, 2019, the Government produced initial discovery involving its "murder book" for the Sandoval-Martinez murder as set forth in paragraph 4, above. The defendants have begun reviewing this discovery and will require substantial additional time in order to thoroughly review the discovery, conduct any necessary follow-up investigation, apprise their clients of the nature of the

evidence against them, and research, prepare, and file any necessary pretrial motions that defense counsel deem necessary given the evidence and posture of the case. Counsel will also need to review discovery in order to make an informed decision as to whether to seek a plea agreement.

7. A number of counsel in this case, including both counsel for defendant Perez-Manchame and learned counsel for defendant Torres-Escobar, have also been representing parties in a pending trial in *United States v. Palafox,* No. 2:16-CR-0265-GMN. That trial started on July 29, 2019 and is not expected to conclude until later this month.

8. Moreover, all three defendants are charged with death penalty eligible offenses. Whether the government decides to seek death or seek approval not to seek death, such requires compliance with death penalty protocol processes which will be time-consuming and will require participation of counsel for each defendant with regard to presenting mitigating information. Defense counsel will need sufficient time to accumulate mitigation information to present to the United States Attorney and the Attorney General of the United States.

**B.    Proposed Complex Case Schedule**

   *i.    The Initial Discovery Phase*

The parties propose that the government shall confer and meet the obligation to disclose and provide the following:

a. all statements of the respective defendants, as well as documents, objects, audio and video recordings, expert reports, and anything else required to be disclosed under Federal Rule of Criminal Procedure 16(a)(1)(A)-(F);

b. all search warrants and other court orders that relate to evidence that may be offered at trial;

c. all police or investigative reports that are relevant and material to the charges in the Indictment;

d. each respective defendant's criminal record, if applicable;

The Government has acknowledged its continuing duty to disclose additional evidence that is discovered subsequent to the initial production, pursuant to Federal Rule of Criminal Procedure 16(c).

### ii. *The Discovery Motions Schedule to Resolve Any Discovery Disputes and Pretrial Motions Schedule*

The parties acknowledge a duty to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner, and method of disclosures before seeking relief from the Court. A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made by the Court. If the parties are unable to agree or resolve disputes after good faith efforts to do so, the parties propose the following pretrial motions schedule for both discovery motions and other motions:

a. Discovery and/or pretrial motions, including notices of any defense under Rules 12.1, 12.2, and 12.3, joinder, and severance under Rule 8 of the Federal Rules of Criminal Procedure, shall be filed on or before July 6, 2020;

b. Response to discovery and/or pretrial motions to be filed on or before August 3, 2020;

c. Replies to responses to discovery and/or pretrial motions are to be filed on or before August 24, 2020.

The parties agree and stipulate that they may need to continue the aforementioned dates based on discovery and other extenuating circumstances. The parties will submit any stipulations to continue deadlines as soon as practicable.

### *iii.* *The Second Discovery Phase*

The parties propose that NO LATER THAN 90 DAYS BEFORE TRIAL: the government will provide its expert witness disclosures in accordance with Fed. R. Crim. P. 16(a)(1)(G).

### *iv.* *The Third Discovery Phase*

The parties propose that NO LATER THAN 60 DAYS BEFORE TRIAL:

a. the government will identify recordings, transcripts/translations of recordings, or portions thereof, that will be offered in its case-in-chief at trial; and

b. the defendants will provide their expert witness disclosures in accordance with Fed. R. Cri. P. 16(b)(1)(C).

### *v.* *The Fourth Discovery Phase*

The parties propose that NO LATER THAN 30 DAYS BEFORE TRIAL:

a. the defendants will identify recordings, transcripts/translations of recordings, or portions thereof, that will be offered in their respective case-in-chief at trial; and

      b.      the government will provide disclosures of *Brady* material and *Giglio* material.

    *vi.*    **The Fifth Discovery Phase**

The parties propose that NO LATER THAN 10 DAYS BEFORE TRIAL:

      a.      the parties will disclose any summaries, charts or calculations that will be offered in their respective case-in-chief at trial; and

      b.      the government will disclose any statements of witnesses under Title 18, United States Code, Section 3500, and reports of interviews for those witnesses the Government anticipates possibly calling in its case-in-chief, unless the government files a motion for protective order under Rules 16(d)(1) at the time said statements are due herein.

    *vii.*    **The Sixth Discovery Phase**

The parties propose that NO LATER THAN THE FIRST DAY OF TRIAL: each defendant will disclose any statements of witnesses the defendant intends to call in his case-in-chief, unless the defendants file a motion for protective order under Rules 16(d)(1) at the time said statement is due herein.

    *viii.*    **Supplemental Motions**

The parties agree that any supplemental motion can be filed upon a showing of good cause as determined by the Court. These motions shall be based on issues unforeseen to the parties at the time this agreement was filed.

### *ix.* *Trial*

The parties agree that, subject to the schedule and approval of the Court, the setting of a new trial date in Spring 2021. The parties anticipate that trial of the matter will last approximately six to eight weeks, depending on the number of defendants who proceed to trial.

## II. CONCLUSION RE: COMPLEXITY

For the foregoing reasons, it is in the interest of the defendants, their respective counsel, and the Government to modify the normal trial time limits established by Title 18, United States Code, Section 3161, and the initial complex case scheduling order. Complicated and voluminous motions are anticipated requiring additional time for the parties to research applicable law and respond. Additionally, the Court may have to review, consider, and rule on all such motions and responses. All parties, including the Court, have an interest in seeing this case presented in an efficient and well-organized manner during both the discovery and trial phases. This will ensure the evidence is presented to a jury without unnecessary and time-consuming delays.

Accordingly, the parties agree that all time from the arraignment and plea until such time as the Court shall rule otherwise should be excluded for purposes of speedy trial calculations, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i)-(ii). The exclusion is appropriate because of the nature and complexity of the prosecution as well as the number of defendants. The ends of justice served by this exclusion of

time far outweigh the interest that the public and the defendants have in a speedy trial.

WHEREFORE, PREMISES CONSIDERED, the defendants respectfully requests this Court to continue to certify this cause as a complex case, therefore tolling the time limits under the Speedy Trial Act, Title 18, United States Code, Section 3161, and to amend the initial scheduling order as set forth herein and as it may deem appropriate, considering the matters stated herein.

Dated: January 6, 2020.   Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

_____/s/_____
SHAHEEN P. TORGOLEY
Assistant U.S. Attorney

DAVID L. JAFFE
Chief, Organized Crime & Gang Section
U.S. Department of Justice

_____/s/_____
JOHN S. HAN
JEREMY FRANKER
CHRISTOPHER TAYLOR
Trial Attorneys

_____/s/_____
RICHARD A. WRIGHT
JOHN BALAZS
Counsel for defendant JOSE LUIS REYES-CASTILLO

_____/s/_____
MICHAEL J. MICELI
AMY E. JACKS
Counsel for defendant
MIGUEL TORRES-ESCOBAR

|   | /s/ |
|---|---|
|   | ANDREA L. LUEM |
|   | MICHAEL J. KENNEDY |
|   | Counsel for defendant |
|   | DAVID ARTURO PEREZ-MANCHAME |

IT IS SO ORDERED:

_[signature]_                                                1-7-2020

CAM FERENBACH                                           Date
United States Magistrate Judge

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **MOTION TO AMEND COMPLEX CASE SCHEDULING ORDER** was served upon counsel of record, via Electronic Case Filing (ECF).

Dated: January 6, 2020.

_____/s/_____
John Balazs
Attorney at Law