MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103
California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

ANDREA LEE LUEM
Andrea L. Luem, Esq.
400 South Fourth Street, Suite 500
Las Vegas, Nevada
702-600-8403 (office)
Andrea@luemlaw.com
**Attorneys for Defendant David Perez-Manchame**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-103-JCM-VCF |
| Plaintiff, | **Joint Stipulation To Amend ECF No. 46, The Complex Case Scheduling Order** |
| v. | |
| JOSE LUIS REYNALDO REYES-CASTILLO, MIGUEL TORRES-ESCOBAR, DAVID ARTURO PEREZ-MANCHAME, | |
| Defendants. | |

Plaintiff United States of America, and Defendants Jose Luis Reynaldo Reyes-Castillo, Miguel Torres Escobar and David Arturo Perez-Manchame, through their respective attorneys, hereby stipulate to amend the complex case scheduling order entered in this case on April 22, 2020 (ECF No. 46) as set forth below. Given the complexity of the evidence, volume of discovery (which is ongoing), and the emergence and continuation of the COVID-19 public health pandemic since the amended complex case scheduling order, and the death penalty protocol process (for all three charged defendants), it is unreasonable to expect each defendant could adequately prepare for trial within the time-frame mandated by the Speedy Trial Act and the present complex case scheduling order (ECF No. 46).

## I. COMPLEXITY AND VOLUME OF THE CASE

A. **The Charges, Potential Penalties, and Case Status**

1. On April 30, 2019, a federal grand jury seated in Las Vegas, Nevada returned a three-count Indictment charging three defendants – JOSE LUIS REYNALDO REYES-CASTILLO, a.k.a. "Modesto," MIGUEL TORRES-ESCOBAR, a.k.a. "Camail," and DAVID ARTURO PEREZ-MANCHAME, a.k.a. "Walter Melendez," a.k.a. "Herbi" — with offenses related to the January 21, 2018 murder of Arquimidez Sandoval-Martinez. (ECF No. 1). More specifically, all three defendants are charged with Murder in Aid of Racketeering (VICAR Murder), in violation of Title 18, United States Code, Sections 1959(a)(1) and 2 (Count One); Using, Carrying, and Discharging a Firearm During and In Relation to a Crime of Violence, in violation of Title 18, United States Code, Sections 924(c) (Count Two); and Causing Death Through the Use of A Firearm, in violation of Title 18, United States Code, Sections 924(j) and 2 (Count Three).

2. Counts One and Three are both death penalty eligible offenses. Count Two carries a mandatory minimum penalty of 10 years' imprisonment and a statutory maximum penalty of life imprisonment.

3. The Indictment alleges that the defendants were members and associates of the criminal street gang Mara Salvatrucha, commonly known as MS-13, and the Parkview clique in Las Vegas, Nevada, specifically. The Indictment further alleges that MS-13, including its leaders, members, and associates, constituted an enterprise which engaged in racketeering activity consisting of multiple acts involving murder, kidnapping, and robbery, among other offenses.

4. The discovery in this case will be voluminous, as set forth in paragraph 14 below. It includes, but is not limited to, thousands of pages of documents, including the complete "murder book", investigative reports from both federal and state agencies, court documents, photographs, medical examiner reports, summaries and/or transcripts of multi-hour interviews with various individuals (several of which involve Spanish speakers and are in the process of being translated), toll records, forensic reports and related data, social media records, and other such materials;

1  multiple audio and video recordings; and items of physical evidence, including clothing, knives,
2  firearms, and other such items.

3        5.      On September 26, 2019, the Court granted the parties motion for a protective order
4  governing discovery. (ECF No. 41 & 42). The Court granted an amendment to the protective order
5  on August 11, 2020. ECF No. 51.

6        6.      On or about October 15, 2019, the Government produced initial discovery involving
7  its "murder book" for the Sandoval-Martinez murder as set forth in paragraph 4, above. The
8  defendants have begun reviewing this discovery and will require substantial additional time in order
9  to thoroughly review the discovery, conduct any necessary follow-up investigation, apprise their
10 clients of the nature of the evidence against them, and research, prepare, and file any necessary
11 pretrial motions that defense counsel deem necessary given the evidence and posture of the case.
12 Counsel will also need to review discovery in order to make an informed decision as to whether to
13 seek a plea agreement.

14       7.      A number of counsel in this case, including both counsel for defendant Perez-
15 Manchame and learned counsel for defendant Torres-Escobar, represented parties in *United States*
16 *v. Palafox, et. al.*, No. 2:16-CR-0265-GMN. That trial began on July 29, 2019 and concluded with
17 the jury verdict on February 24, 2020. ECF Nos. 1756, 2156.

18       8.      Moreover, all three defendants are charged with death penalty eligible offenses.
19 Whether the government decides to seek death or seek approval not to seek death, such requires
20 compliance with death penalty protocol processes which will be time-consuming and will require
21 participation of counsel for each defendant with regard to presenting mitigating information. Defense
22 counsel will need sufficient time to accumulate mitigation information to present to the United States
23 Attorney and the Attorney General of the United States.

24       9.      On March 16, 2020, the Chief Judge of the U.S. District Court for the District of
25 Nevada issued Temporary General Order 2020-03, which found that due to the outbreak of the
26 coronavirus disease 2019 ("COVID-2019") in the District of Nevada, the declaration by the
27 Governor of the State of Nevada of a public health emergency due to the spread of COVID-19 in
28

Nevada, and the declaration of local emergencies by local governments due to COVID-19, including Clark County, the Court has sustained "reduced ability to obtain an adequate spectrum of jurors," and it noted the effects of public health recommendations, including "social distancing measures." General Order 2020-03 accordingly continued all civil and criminal trials until April 10, 2020, pending further order of the Court and found that "the ends of justice are best served by ordering the continuances, which outweighs the best interests of the public and any defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A)."

10. On March 19, 2020, the Chief Judge of the U.S. District Court for the District of Nevada issued Temporary General Order 2020-04, which noted that "the COVID-19 pandemic has continued to spread," resulting in the need for "more aggressive social-distancing measures." The Court noted further that, "[o]n March 17, 2020, the Governor of the State of Nevada ordered the closure of many business establishments and strongly encouraged all citizens to stay home." Accordingly, the Court ordered the temporary closure of the Clerk's office, and implemented other changes, including "striving to eliminate in-person court appearances." In the event any hearing must go forward, the Court will conduct the hearing via video or teleconference. The Court will vacate or amend Temporary General Order 2020-04 no later than April 30, 2020.

11. On March 30, 2020, the Chief Judge of the U.S. District Court for the District of Nevada issued Temporary General Order 2020-05, which noted that "the Judicial Conference of the United States found that emergency conditions due to the national emergency declared by the President have affected and will materially affect the functioning of the federal courts generally." The Court noted further that felony pleas and sentencings could not be conducted in person without "seriously jeopardizing public health and safety" and should only be held via video conference if postponing the proceeding would cause "serious harm to the interests of justice." This authorization is effective for 90 days.

12. On April 9, 2020, the Chief Judge of the U.S. District Court for the District of Nevada issued Amended Temporary General Order 2020-03 (collectively with General Order 2020-03, "the General Orders"), which amended Temporary General Order 2020-03 by stating that "the Court has

4

determined that jury trials must be further postponed," without indicating how long the postponement will continue. Temporary General Order 2020-03 (Amended) states that "each presiding judge will address any needed continuance of their trial in their individual cases." Most recently, on November 12, 2020, the Chief Judge of the U.S. District Court for the District of Nevada issued a Third Amended Temporary General Order 2020-03 postponing jury trial due to "the pattern of sustained increase in COVID-19 transmission rates in the State of Nevada."

13. Undersigned defense counsel note that a declaration authored by the Director and Chief Counsel of the American Bar Association Death Penalty Representation Project sets forth the following with respect to in-person interviews in the context of a death penalty eligible prosecution:

> The [ABA] Guidelines also make clear that in-person interviews with the client, witnesses, and family members are at the core of any adequate investigation. Team members must conduct in-person, face-to-face, one-on-one interviews with the client, the client's family, and other witnesses who are familiar with the client's life, history, or family history or who would support a sentence less than death. ... Remote technology options such as video conferencing and phone calls do not provide an alternative for capital defenders, mitigation specialists, experts, or investigators.

*See* ECF No. 44-1, Declaration of Emily Olson-Gault, Esq., pp. 4-5, ¶ 23 (internal quotations omitted).

14. The parties have met and conferred regarding scheduling and discovery. The parties agree that the pandemic has impacted both the prosecution and defense preparation in multiple ways. The parties anticipate that, by the end of the first quarter of 2021, it is likely that a superseding indictment will be returned which will significantly expand the scope and the charges in this death penalty eligible prosecution. The parties further anticipate that, following the return of a superseding indictment, the volume of discovery to be produced in 2021 will be, at least, tenfold the volume of discovery produced to date. Forensic testing is ongoing and will continue into 2021. These anticipated developments will have a direct impact upon the death penalty protocol process for each defendant. In short, the parties anticipate that, on or near the end of the first quarter of 2021, this complex prosecution will become even more complex.

15. Accordingly, rather than proceed with the present schedule for discovery motions (motions due 2021-01-11; responses due 2021-02-08; replies due 2021-03-01), the parties agree to amend the schedule for discovery motions to resolve discovery disputes (motions due 2021-08-30; responses due 2021-09-27; replies due 2021-10-18) to reflect the likelihood that a superseding indictment expanding this prosecution will be sought, most likely by the end of the first quarter of 2021. The parties further agree that they will revisit the present trial setting of 2022-02-07 if, and when, a superseding indictment is returned and the parties have an opportunity to conduct the time-consuming review of the additional charges and voluminous discovery and its impact on not only pretrial motions and trial but the death penalty protocol process.

16. Given the charges, the potential penalties, the demands of the 7 month *Palafox, et. al.* jury trial on a number of the counsel in this case, and the ongoing public health emergency caused by the COVID-19 pandemic, it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits previously ordered. Therefore, the parties request that the Court amend the complex case schedule as proposed below.

**B.     Proposed Complex Case Schedule**

    **i.     The Initial Discovery Phase**

The parties propose that the government shall confer and meet the obligation to disclose and provide the following:

    a.     all statements of the respective defendants, as well as documents, objects, audio and video recordings, expert reports, and anything else required to be disclosed under Federal Rule of Criminal Procedure 16(a)(1)(A)-(F);

    b.     all search warrants and other court orders that relate to evidence that may be offered at trial;

    c.     all police or investigative reports that are relevant and material to the charges in the Indictment;

    d.     each respective defendant's criminal record, if applicable;

1    The Government has acknowledged its continuing duty to disclose additional evidence that is discovered subsequent to the initial production, pursuant to Federal Rule of Criminal Procedure 16(c).

### ii.    The Discovery Motions Schedule to Resolve Any Discovery Disputes and Pretrial Motions Schedule

The parties acknowledge a duty to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner, and method of disclosures before seeking relief from the Court. A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made by the Court. If the parties are unable to agree or resolve disputes after good faith efforts to do so, the parties propose the following pretrial motions schedule for both discovery motions and other motions:

a.    Discovery and/or pretrial motions, including notices of any defense under Rules 12.1, 12.2, and 12.3, joinder, and severance under Rule 8 of the Federal Rules of Criminal Procedure, shall be filed on or before **August 30, 2021**;

b.    Response to discovery and/or pretrial motions to be filed on or before **September 27, 2021**;

c.    Replies to responses to discovery and/or pretrial motions are to be filed on or before **October 18, 2021**.

The parties agree and stipulate that they may need to continue the aforementioned dates based on discovery and other extenuating circumstances. The parties will submit any stipulations to continue deadlines as soon as practicable.

### iii.    The Second Discovery Phase

The parties propose that **NO LATER THAN 90 DAYS BEFORE TRIAL**: the government will provide its expert witness disclosures in accordance with Fed. R. Crim. P. 16(a)(1)(G).

### iv.    The Third Discovery Phase

The parties propose that **NO LATER THAN 60 DAYS BEFORE TRIAL**:

     a.    the government will identify recordings, transcripts/translations of recordings, or portions thereof, that will be offered in its case-in-chief at trial; and

     b.    the defendants will provide their expert witness disclosures in accordance with Fed. R. Cri. P. 16(b)(1)(C).

    **v.**    **The Fourth Discovery Phase**

The parties propose that **NO LATER THAN 30 DAYS BEFORE TRIAL**:

     a.    the defendants will identify recordings, transcripts/translations of recordings, or portions thereof, that will be offered in their respective case-in-chief at trial; and

     b.    the government will provide disclosures of Brady material and Giglio material.

    **vi.**    **The Fifth Discovery Phase**

The parties propose that **NO LATER THAN 10 DAYS BEFORE TRIAL**:

     a.    the parties will disclose any summaries, charts or calculations that will be offered in their respective case-in-chief at trial; and

     b.    the government will disclose any statements of witnesses under Title 18, United States Code, Section 3500, and reports of interviews for those witnesses the Government anticipates possibly calling in its case-in-chief, unless the government files a motion for protective order under Rules 16(d)(1) at the time said statements are due herein.

    **vii.**    **The Sixth Discovery Phase**

The parties propose that **NO LATER THAN THE FIRST DAY OF TRIAL**: each defendant will disclose any statements of witnesses the defendant intends to call in his case-in-chief, unless the defendants file a motion for protective order under Rules 16(d)(1) at the time said statement is due herein.

///

///

///

     **viii.**    **Supplemental Motions**

The parties agree that any supplemental motion can be filed upon a showing of good cause as determined by the Court. These motions shall be based on issues unforeseen to the parties at the time this agreement was filed.

     **ix.**    **Trial**

The trial is presently set for February 7, 2022 at 9:00 a.m. with calender call set for February 2, 2022 at 1:30 p.m. ECF No. 52. This amended complex case schedule keeps the present jury trial and calendar call dates. The parties will revisit the trial date if a superseding indictment is returned as discussed in paragraphs 14 and 15 above. The parties anticipate that trial of the matter will last approximately six to eight weeks, depending on the number of defendants who proceed to trial, and whether or not it is a capital trial.

## II. CONCLUSION RE: COMPLEXITY

For the foregoing reasons, it is in the interest of the defendants, their respective counsel, and the Government to modify the normal trial time limits established by Title 18, United States Code, Section 3161, and the initial complex case scheduling order. Complicated and voluminous motions are anticipated requiring additional time for the parties to research applicable law and respond. Additionally, the Court may have to review, consider, and rule on all such motions and responses. All parties, including the Court, have an interest in seeing this case presented in an efficient and well-organized manner during both the discovery and trial phases. This will ensure the evidence is presented to a jury without unnecessary and time-consuming delays. Accordingly, the parties agree that all time from the arraignment and plea until such time as the Court shall rule otherwise should be excluded for purposes of speedy trial calculations, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i)-(ii). The exclusion is appropriate because of the nature and complexity of the prosecution as well as the number of defendants. The exclusion is also appropriate because the failure to grant such a continuance in the proceedings would be likely result in a miscarriage of justice. The ends of justice served by this exclusion of time far outweigh the interest that the public and the defendants have in a speedy trial.

WHEREFORE, PREMISES CONSIDERED, the defendants respectfully requests this Court to continue to certify this cause as a complex case, therefore tolling the time limits under the Speedy Trial Act, Title 18, United States Code, Section 3161, and to amend the initial scheduling order as set forth herein and as it may deem appropriate, considering the matters stated herein.

Dated: January 5, 2021.        Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

*Shaheen P. Torgoley*
SHAHEEN P. TORGOLEY
Assistant U.S. Attorney

DAVID L. JAFFE
Chief, Organized Crime & Gang Section
U.S. Department of Justice

*Jeremy Franker*
JEREMY FRANKER
CHRISTOPHER TAYLOR
Trial Attorneys

*John Balazs*
RICHARD A. WRIGHT
JOHN BALAZS
Counsel for defendant
JOSE LUIS REYES-CASTILLO

*Amy Jacks*
MICHAEL J. MICELI
AMY E. JACKS
Counsel for defendant
MIGUEL TORRES-ESCOBAR

*Michael J. Kennedy*
ANDREA L. LUEM
MICHAEL J. KENNEDY
Counsel for defendant
DAVID ARTURO PEREZ-MANCHAME

IT IS SO ORDERED:

_____        1-5-2021
CAM FERENBACH                  Date
United States Magistrate Judge

10

**CERTIFICATE OF SERVICE**

The undersigned certifies that he is a person of such age and discretion as to be competent to serve papers and that he served a copy of the foregoing through the Electronic Filing System to all parties.

                            */s/ Michael Kennedy*
                            Law Offices of Michael Jerome Kennedy, PLLC