MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103
California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

ANDREA LEE LUEM
Andrea L. Luem, Esq.
400 South Fourth Street, Suite 500
Las Vegas, Nevada
702-600-8403 (office)
Andrea@luemlaw.com
**Attorneys for Defendant David Perez-Manchame**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-103-JCM-VCF |
| Plaintiff, | **Joint Stipulation To Vacate September 11, 2023 Jury Trial And September 6, 2023 Calender Call Dates (ECF No. 86) And Joint Request To Set A Status Conference In November, 2023 For Reasons Relating To The Department Of Justice Death Penalty Protocol** |
| v. | |
| JOSE LUIS REYNALDO REYES-CASTILLO, and DAVID ARTURO PEREZ-MANCHAME, | |
| Defendants. | |

Plaintiff United States of America, and Defendants Jose Luis Reynaldo Reyes-Castillo and David Arturo Perez-Manchame, through their respective attorneys, hereby stipulate to vacate the jury trial date of September 11, 2023 and calendar call date of September 6, 2023 set in the order entered on January 12, 2022. (ECF No. 86). The parties request that the Court set a status conference in November, 2023 to provide an additional 60 days from the present trial date to give the additional time necessary for either the Department of Justice Capital Review Committee or the Attorney General to authorize the United States to not seek the death penalty, or the Attorney General to authorize the United States to seek the death penalty, against Mr. Reyes-Castillo and Mr. Perez-Manchame, respectively. The parties stipulate that, once the decision regarding whether or not the

1

case against either or both defendants is a capital case, the parties will be in a position to amend the complex case schedule for motions (ECF No. 55), and to set a calender call date and trial date.

## I. DEATH PENALTY PROTOCOL

On March 27, 2023, counsel for Mr. Reyes-Castillo and counsel for Mr. Perez-Manchame each presented, separately, their respective oral presentations to the Department of Justice Capital Review Committee regarding why the United States should not seek a sentence of death. These presentations followed the submission of written materials and exhibits by counsel.

The Capital Review Committee has not yet communicated its decision regarding whether it or the Attorney General will authorize the United States to **not seek** a sentence of death against either Mr. Reyes-Castillo or Mr. Perez-Manchame. Only the Attorney General can authorize the United States to **seek** a sentence of death. At the time of this joint stipulation, it has been fewer than four months since the oral presentations. The parties jointly agree that providing additional time until November, 2023 should provide the Capital Review Committee or the Attorney General the necessary time to make the decision to authorize a no seek or a seek. The complexity of the death penalty protocol process for Mr. Reyes-Castillo and Mr. Perez-Manchame has made it unreasonable to expect the defendants to complete the death penalty protocol process and adequately prepare for trial within the time-frame mandated by the Speedy Trial Act and the present order setting the jury trial date and calender call date. For the reasons set forth in this joint stipulation, the parties request that the court vacate the September 11, 2023 jury trial date and the September 6, 2023 calendar call date and set a status conference in November of 2023 to permit the time necessary for the ultimate decision on whether or not the jury trial will be a capital or non-capital jury trial.

## II. COMPLEXITY AND VOLUME OF THE CASE

A.   **The Charges, Potential Penalties, and Case Status**

1.   On August 4, 2021, a federal grand jury seated in Las Vegas, Nevada returned a superseding indictment (ECF No. 69) charging four defendants, including Mr. Reyes-Castillo and Mr. Perez-Manchame, in thirty-four counts. Mr. Reyes-Castillo is charged in the following counts: 1, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32,

33, and 34. ECF No. 69, pp. 1-17 & 22-51. Mr. Perez-Manchame is charged in the following counts: 1, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 and 34. ECF No. 69, pp. 1-17 & 29-51. Two defendants (Mr. Vargas-Escobar and Mr. Figueroa-Torres) are charged in counts 1, 2, 3 and 4. Neither Mr. Vargas-Escobar nor Mr. Figueroa-Torres are presently before the court.

2. Mr. Reyes-Castillo is death penalty eligible and thus potentially facing a capital trial on sixteen separate counts (5, 7. 8, 11, 12, 15. 16, 18, 19, 21, 22, 24, 27, 29, 32 and 33) relating to nine murders between December 31, 2017 and March 1, 2018. ECF No. 69, pp. 52-53, ¶¶ 1-8.

3. Mr. Perez-Manchame is death penalty eligible and thus potentially facing a capital trial on twelve separate counts (12, 15. 16. 18, 19, 21, 22, 24, 27, 29, 32 and 33) relating to seven murders between January 21, 2018 and March 1, 2018. ECF No. 69, pp. 53-55, ¶¶ 1-7.

4. Mr. Vargas-Escobar and Mr. Figueroa-Torres are death penalty eligible and thus each is facing potentially a capital trial on two separate counts (2 and 4) relating to a March 3, 2017 murder of Daniel Clark.

5. Each of the four defendants named in the superseding indictment, including Mr. Reyes-Castillo and Mr. Perez-Manchame, are charged in count one with a RICO conspiracy charge. ECF No. 69, pp. 1-17. The superseding indictment alleges that the defendants were members and associates of the criminal street gang Mara Salvatrucha, commonly known as MS-13, which was formed in Los Angeles, California but operates now as a national and international criminal organization with more than ten thousand members regularly conducting gang activities in at least ten states and Washington D.C., and thousands more in Central America and Mexico. ECF No. 69, pp. 2-3. The superseding indictment further alleges that the defendants were members and associates of the Parkview clique in Nevada and California operating in separate geographical sectors: Las Vegas, Nevada sector; Mendota, California sector; and Los Angeles, California sector. ECF No. 69, pp. 3-8. The superseding indictment further alleges that the pattern of racketeering activity to which the defendants and their co-conspirators agreed to conduct and participate in the conduct of MS-13 enterprise consisted of the following: multiple acts of murder, kidnapping and robbery in violation

of various Nevada Revised Statutes; multiple acts relating to fraud and related activity with identification documents under 18 U.S.C. § 1028; and multiple offenses involving the possession with intent to distribute and distribution of controlled substances, including marijuana and methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. ECF No. 69, pp. 9-10. Twenty-three separate overt acts are alleged to have been committed in furtherance of the alleged RICO conspiracy. ECF No. 69, pp. 10-14. Finally, ten separate special sentencing factors are alleged which provide for a term of imprisonment of life imprisonment if that special sentencing factor is found.

6. The discovery in this case is voluminous and has been ongoing into 2023. Prior to the superseding indictment, the original discovery produced in the October, 2019 production consisted of discovery received from Las Vegas Metro's investigation relating exclusively to the alleged January 21, 2018 murder of Arquimidez Sandoval-Martinez now charged in counts 12-15. It includes, but is not limited to, thousands of pages of documents, including the complete "murder book", investigative reports, court documents, photographs, medical examiner reports, summaries and/or transcripts of multi-hour interviews with various individuals (several of which involve Spanish speakers and are in the process of being translated), toll records, forensic reports and related data, social media records, and other such materials; multiple audio and video recordings; and items of physical evidence, including clothing, knives, firearms, and other such items. Additional and duplicate discovery received in May, 2021 consisted of certain ballistic and firearm reports and a DNA report.

7. Following the superseding indictment, the Department of Justice produced discovery production #1 which consisted of discovery received from Las Vegas Metro's investigation relating to five alleged murders which was subsequently organized by the DOJ: the alleged Daniel Clark murder on March 3, 2017; the alleged Richard Gaudio murder on December 31, 2017; the alleged Carlos Pachaca-Rodriguez murder on January 9, 2018; the alleged Arquimidez Sandoval-Martinez murder on January 21, 2018; and the alleged Juan Carlos Estrada-Raya murder on February 2, 2018. The DOJ has also produced discovery production #2 consisting of discovery received from Las Vegas Metro's investigation relating to the alleged Jose Hernandez-Cedillo and Ricardo Olivas-

1  Mendoza murders on February 6, 2022; the alleged Izaak Towery murder on February 9, 2022; the
2  alleged Rony Pashaca-Fuentes murder sometime in February of 2018; and the alleged Earl Ryan
3  murder on March 1, 2018. In February of 2023, additional discovery was produced which was
4  critical to the presentations in March of 2023 to the Capital Review Committee.

5        8.      On September 26, 2019, the Court granted the parties motion for a protective order
6  governing discovery. (ECF No. 41 & 42). The Court granted an amendment to the protective order
7  on August 11, 2020. ECF No. 51. That protective order remains in force with respect to the
8  discovery being produced following the superseding indictment.

9        9.      The parties have met and conferred regarding scheduling and discovery. The parties
10  agree that the parties are not able to yet amend the present complex case scheduling order (ECF No.
11  55) until the Capital Review Committee or the Attorney General render a decision whether either
12  defendant will face a capital trial.

13  **B.    Trial**

14        The trial is presently set for September 11, 2023 with calender call set for September 6, 2023.
15  ECF No. 86. The parties agree to vacating the present trial and calender call settings and setting the
16  case for a status conference in November, 2003. The parties further agree that subject to the schedule
17  and approval of the court, the setting of the jury trial and calender call date together with amending
18  the complex case schedule would happen at the November 2023 status conference once the death
19  penalty decision is made for each individual defendant. The length of the trial will of course depend
20  upon the number of defendants who proceed to trial, and whether or not it is a capital trial.

21                                 **III. CONCLUSION RE: COMPLEXITY**

22        For the foregoing reasons, it is in the interest of the defendants, their respective counsel, and
23  the Government to modify the normal trial time limits established by Title 18, United States Code,
24  Section 3161. The time necessary for decisions withing the death penalty protocol is a reason for
25  excluding time under the Speedy Trial Act. In addition, once that death penalty protocol decision is
26  communicated to the parties and the Court, complicated and voluminous motions are anticipated
27  requiring additional time for the parties to research applicable law and respond. The Court may have
28

5

to review, consider, and rule on all such motions and responses. All parties, including the Court, have an interest in seeing this case presented in an efficient and well-organized manner during both the discovery and trial phases. This will ensure the evidence is presented to a jury without unnecessary and time-consuming delays.

Accordingly, the parties agree that all time from the arraignment and plea until such time as the Court shall rule otherwise should be excluded for purposes of speedy trial calculations, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i)-(ii). The exclusion is appropriate because of the nature and complexity of the prosecution as well as the number of defendants. The exclusion is also appropriate because the failure to grant such a continuance in the proceedings would be likely result in a miscarriage of justice. The ends of justice served by this exclusion of time far outweigh the interest that the public and the defendants have in a speedy trial.

The parties respectfully requests this Court to continue to certify this cause as a complex case, therefore tolling the time limits under the Speedy Trial Act, Title 18, United States Code, Section 3161..

Dated: July 19, 2023.    Respectfully submitted,

JASON M. FRIERSON
United States Attorney

/s/ Melanee Smith
MELANEE SMITH
JACOB OPERSKALSKI
Assistant U.S. Attorneys

DAVID L. JAFFE
Chief, Organized Crime & Gang Section
U.S. Department of Justice

*/s/ Jeremy Franker*
JEREMY FRANKER
CHRISTOPHER TAYLOR
Trial Attorneys

*/s/ John Balazs*
RICHARD A. WRIGHT
MONTI J. LEVY
JOHN BALAZS
Counsel for defendant
JOSE LUIS REYES-CASTILLO

*/s/ Michael Kennedy*
ANDREA L. LUEM
MICHAEL J. KENNEDY
Counsel for defendant
DAVID ARTURO PEREZ-MANCHAME

**CERTIFICATE OF SERVICE**

The undersigned certifies that he is a person of such age and discretion as to be competent to serve papers and that he served a copy of the foregoing through the Electronic Filing System to all parties.

*/s/ Michael Kennedy*
Law Offices of Michael Jerome Kennedy, PLLC

**ORDER**

This Court has reviewed the parties' joint stipulation to vacate the September 11, 2023 jury trial and September 6, 2023 calender call set by order of the Court (ECF No. 86) and joint stipulation to set a status conference for a date and time in November, 2023 for reasons relating to the Department of Justice death penalty protocol.

The Court hereby approves and sets the status conference date as **November 8, 2023, at 10:00 a.m.**

ORDERED, ADJUDGED, and DECREED that calendar call presently set for September 6, 2023 at 1:30 p.m. and the jury trial date presently set for September 11, 2023 at 9:00 a.m. is VACATED.

DATED: July 21, 2023.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE