JASON FRIERSON
United States Attorney
Nevada Bar Number 7709
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336
MELANEE SMITH
JACOB OPERSKALSKI
Assistant United States Attorneys
Melanee.Smith@usdoj.gov
Jacob.Operskalski@usdoj.gov
DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section
U.S. Department of Justice
JEREMY I. FRANKER
CHRISTOPHER O. TAYLOR
Trial Attorneys
Violent Crime and Racketeering Section
U.S. Department of Justice
jeremy.franker@usdoj.gov
christopher.taylor2@usdoj.gov
*Counsel for the United States of America*

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 26 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOSE LUIS REYNALDO REYES-CASTILLO, a/k/a "Molesto," <br> DAVID ARTURO PEREZ-MANCHAME, a/k/a "Walter Melendez," a/k/a "Herbi," <br> JOEL VARGAS-ESCOBAR, a/k/a "Momia," and <br> ALEXANDER DE JESUS FIGUEROA-TORRES, <br><br> Defendants. | **SECOND SUPERSEDING CRIMINAL INDICTMENT** <br><br> Case No.: 2:19-cr-00103- GMN-MDC <br><br> **VIOLATIONS:** <br><br> 18 U.S.C. § 1962(d) – RICO Conspiracy; <br> 18 U.S.C. § 1959(a)(1) – Murder In Aid of Racketeering; <br> 18 U.S.C. § 1959(a)(1) – Kidnapping In Aid of Racketeering; <br> 18 U.S.C. § 1959(a)(5) – Attempted Murder In Aid of Racketeering; <br> 18 U.S.C. § 924(c)(1)(A) – Use/Carry of a Firearm During Crime of Violence; <br> 18 U.S.C. § 924(j) – Causing Death Through the Use of a Firearm; and <br> 18 U.S.C. § 2 – Aiding and Abetting |

## COUNT ONE
### (Racketeer Influenced Corrupt Organizations (RICO) Conspiracy)

**THE GRAND JURY CHARGES THAT:**

### THE ENTERPRISE

1.    At all times relevant to this Second Superseding Indictment,

> **JOSE LUIS REYNALDO REYES-CASTILLO,** a/k/a "Molesto,"
> **DAVID ARTURO PEREZ-MANCHAME,** a/k/a "Walter Melendez,"
> a/k/a "Herbi,"
> **JOEL VARGAS-ESCOBAR,** a/k/a "Momia," and
> **ALEXANDER DE JESUS FIGUEROA-TORRES,**

defendants herein, and other persons known and unknown to the Grand Jury, were members and associates of the La Mara Salvatrucha street gang operating in and around Las Vegas, Nevada, otherwise known and hereinafter referred to as MS-13. MS-13, including its leaders, members, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), namely, a group of individuals associated in fact, although not a legal entity, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce. This enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.    At all times relevant to this Second Superseding Indictment, MS-13 operated within the District of Nevada and elsewhere.

3.    MS-13 was formed in Los Angeles, California in the mid-1980s by immigrants or descendants of immigrants from El Salvador. "Mara" is a term used in El Salvador for "gang." "Salva" refers to El Salvador. While MS-13 originated in Los Angeles, over the years, MS-13 spread as its members traveled to other locations in the United States, including Las Vegas, Nevada, and elsewhere. Additionally, many MS-13 members were deported to El Salvador, where a strong gang

presence developed. As a result, MS-13 operated as a national and international criminal organization with more than ten thousand members regularly conducting gang activities in at least ten states and Washington, D.C., and with thousands more conducting gang activities in Central America and Mexico. MS-13 actively recruited members, including juveniles, from communities with a large number of Salvadoran immigrants.

4. MS-13 was largely composed of persons from Central America, including El Salvador, Honduras, and Guatemala. Although each MS-13 locale had a common origin, MS-13 in Las Vegas operated in different ways from fellow gang members in El Salvador, Honduras, and Guatemala, and the other states within the United States.

**Structure of the Enterprise**

5. MS-13 was organized by subsets known as "cliques" including, but not limited to, "Parkview," "Hollywood," and "Fulton." Each clique typically had one or more leaders, commonly referred to as "shot callers."

6. In Nevada and California, the Parkview clique of MS-13 operated in the following separate geographical sectors: Las Vegas, Nevada sector; Mendota, California sector; and Los Angeles, California sector. Each sector typically had one or more leaders, who were responsible for, among other things, managing the narcotics trafficking operation in the sector's territory, collecting money from clique members to finance gang activities and crimes, directing day-to-day management of the sector, recruiting new members, enforcing MS-13 rules and codes of conduct, ordering and planning acts of violence against suspected rival gang members, and representing their respective sectors in general clique coordination meetings.

7. The organizational hierarchy of the Parkview MS-13 clique in Nevada and California was comprised of the following ranks in ascending order of importance: "Paro," "Observación,"

"Chequeo," "Homeboy," and "Palabrero." "Paro" is the lowest rank and refers to a member who did favors for the gang and contributed money to further gang activities. "Observación" is above "Paro" and describes a member who was trusted to serve as a bodyguard and lookout for the gang and its leaders. Above "Observación," "Chequeo" is a member who has demonstrated loyalty to the gang, often times having killed rival gang members. Above "Chequeo," "Homeboy" is a fully initiated gang member who has undergone a "jumping in" ceremony. This ritual ceremony involves passing a "beating test" in which the prospective MS-13 member must survive a group of existing MS-13 "Homeboys" beating and kicking him for 13 seconds. A prospective MS-13 member ordinarily has to participate in the murder of rival gang members in order to be eligible to become a "Homeboy." Once jumped in, an MS-13 member is expected to participate fully in MS-13's criminal activities. Above "Homeboy," "Palabrero" is a leader or "shot caller" of the clique who makes ultimate decisions on all gang matters affecting the clique. In some instances, an MS-13 member may be promoted to higher rank by skipping an intermediate rank based on the member's proven record of committing violence on behalf of the gang.

8. At all times relevant to this Second Superseding Indictment, defendants **JOSE LUIS REYNALDO REYES-CASTILLO, DAVID ARTURO PEREZ-MANCHAME, JOEL VARGAS-ESCOBAR,** and **ALEXANDER DE JESUS FIGUEROA-TORRES** were members of MS-13 and held various ranks in MS-13.

9. MS-13 members met on a regular basis to, among other things, report on acts of violence committed by their members with the goal of inciting and encouraging further violence. MS-13 leaders within a clique would meet to discuss gang rules and gang business, to coordinate criminal activities, to resolve problems or issues among gang members of different cliques, and to unite gang members from across geographic sectors controlled by the clique.

10. MS-13 members sometimes signified their membership with tattoos reading "Mara Salvatrucha," "MS," "MS-13," or other variations of the gang's name. MS-13 members typically referred to other members by their monikers, or nicknames, and often did not know fellow gang members' legal names. MS-13 members also signified their membership to each other and to rival gang members through the use of hand signs.

11. MS-13 had a self-imposed code of conduct, which was imposed and enforced to maintain compliance among its members. MS-13 enforced its rules and promoted discipline among its members by threatening and committing acts of violence against members who broke the rules. For example, a MS-13 member who has broken the rules of the gang may be subjected to a beating for 13 seconds by several fellow MS-13 members.

12. MS-13 had zero tolerance for members and associates who cooperated with law enforcement. Once MS-13 had evidence that someone has cooperated with law enforcement, MS-13 targeted that person for death where the person who was allegedly or actually cooperating with law enforcement was to be killed on sight.

13. MS-13 members engaged in, among other things, numerous acts of violence and other crimes, including, but not limited to, acts involving murder; assault; kidnapping; robbery; narcotics trafficking; possessing firearms while prohibited from doing so; breaking into houses and stealing firearms, jewelry, cash, and other items of value; and selling stolen goods and fraudulent identification cards and documents.

14. MS-13 cliques collected money from its members for the benefit of, and to be provided to, families of deceased clique members in El Salvador as well as incarcerated members. MS-13 also collected money from its members and used money derived from the sale of narcotics, stolen goods, fraudulent identification cards and documents, and other crimes to carry on gang activities.

15.     MS-13 gang members routinely communicated about gang activities with gang members in other states and countries using cellular telephones and social media applications via the Internet.  MS-13 members also used interstate and international money wire transfers to conduct and promote gang activities.

16.     MS-13 regularly engaged in acts of violence against innocent citizens and rival gang members.  Participation in criminal activity by an MS-13 member, particularly violent acts directed at rival gangs or as directed by the gang leadership, increased the respect accorded to that member, resulted in that member maintaining or increasing his position in the gang, and could result in a promotion to a higher rank in the organizational hierarchy.  Additionally, commission of violent acts by MS-13 members enhanced the gang's overall reputation for violence in the community, resulting in the intimidation of citizens and witnesses in MS-13's territory.

### Purposes of the Enterprise

17.     At all times relevant to this Second Superseding Indictment, the purposes of the MS-13 enterprise included, but were not limited to, the following:

a.     Preserving, promoting, and protecting the power, territory, and profits of the enterprise through the use of intimidation and violence, including, but not limited to, acts involving murder, assault, kidnapping, burglary, robbery, and threats of violence;

b.     Enriching members and associates of the enterprise through criminal activities, including, but not limited to, robbery; breaking into houses and stealing firearms, jewelry, cash, and other items of value; and selling narcotics, stolen goods, and fraudulent identification cards and documents;

c.     Increasing MS-13's control and authority over its territory through threats, intimidation, and acts of violence committed against rival gangs;

d.   Promoting and enhancing the enterprise and its members' and associates' activities;

e.   Keeping victims and potential victims in fear of the enterprise and in fear of its members and associates, through violence and threats of violence;

f.   Providing financial support and information to the gang and gang members, including the families of deceased gang members; and

g.   Providing assistance to other gang members who committed crimes for and on behalf of the gang in order to hinder, obstruct, and prevent law enforcement officers from identifying the offender, apprehending the offender, and trying and punishing the offender.

**Manner and Means of the Enterprise**

18.   Among the manner and means whereby members and associates of the MS-13 enterprise conducted and participated in the conduct of the affairs of the MS-13 enterprise were the following:

a.   To protect and expand the enterprise's power and territory, members and associates of the MS-13 enterprise conspired to commit, attempted, and committed, acts of violence, including murder, assault with dangerous weapons, and kidnapping directed against rival gang members and/or members and associates of the enterprise who have violated the rules of the enterprise and/or civilians not involved in gang activities;

b.   In the course of carrying out the criminal activities of the enterprise, members and associates of the MS-13 enterprise carried, and used dangerous weapons, including firearms, machetes, and knives;

c.   To increase the enterprise's control and authority over its territory, members and associates of the MS-13 enterprise promoted a climate of fear in the community through

violence and threats of violence;

      d.    To generate income for the enterprise, members and associates of the MS-13 enterprise participated in narcotics trafficking, including the sale and purchase of controlled substances; robbery; breaking into houses and stealing firearms, jewelry, cash, and other items of value; and selling stolen goods and fraudulent identification cards and documents;

      e.    To promote the enterprise, members and associates of the MS-13 enterprise frequently engaged in the aforementioned criminal activity in the presence of other MS-13 gang members in order to enhance the status within MS-13 of those affirmatively conducting criminal acts;

      f.    To ensure the success of the enterprise's criminal activities, members and associates of the MS-13 enterprise met with other MS-13 clique members and leaders in other geographical sectors to coordinate criminal ventures, obtained supplies of controlled substances, pooled and shared monetary funds to promote gang activities, and moved firearms used in murders in Las Vegas to other sectors in California; and

      g.    To perpetuate the enterprise, members and associates of the MS-13 enterprise used various techniques to avoid law enforcement detection, such as hiding firearms and other weapons, destroying or hiding evidence of murders, and changing phones.

## THE RACKETEERING CONSPIRACY

19.    Beginning on a date unknown to the Grand Jury, and continuing up through and including the date of the filing of this Second Superseding Indictment, within the District of Nevada and elsewhere, defendants **JOSE LUIS REYNALDO REYES-CASTILLO, DAVID ARTURO PEREZ-MANCHAME, JOEL VARGAS-ESCOBAR, and ALEXANDER DE JESUS FIGUEROA-TORRES**, and other persons known and unknown to the Grand Jury, each

being a person employed by and associated with MS-13, as described more fully in paragraphs 1-18 above, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), as set forth in paragraphs 20-21 below..

## Pattern of Racketeering Activity

20.     The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which defendants **JOSE LUIS REYNALDO REYES-CASTILLO, DAVID ARTURO PEREZ-MANCHAME, JOEL VARGAS-ESCOBAR, ALEXANDER DE JESUS FIGUEROA-TORRES**, and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the MS-13 enterprise, consisted of:

A.     multiple acts involving:

1.     Murder, chargeable under Nevada Revised Statutes, Sections 200.010, 200.030, 193.330, 195.020, 199.480, 199.490;

2.     Murder, chargeable under California Penal Code Sections 21a, 31, 182, 187, 189, and 664;

3.     Kidnapping, chargeable under Nevada Revised Statutes, Sections 200.310, 193.330, 195.020, 199.480, 199.490; and

4.     Kidnapping, chargeable under California Penal Code Sections 21a, 31, 182, 207, and 664;

5.     Robbery, chargeable under Nevada Revised Statutes, Sections 200.380, 193.330, 195.020, 199.480, 199.490;

B. multiple acts indictable under

  1. Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents); and

  2. Title 18, United States Code, Section 1512 (relating to tampering with a witness, victim, or an informant);

  3. Title 18, United States Code, Section 1513 (relating to retaliating against a witness, victim, or an informant); and

C. multiple offenses involving the possession with intent to distribute and distribution of controlled substances, including marijuana and methamphetamine, in violation of the laws of the United States, namely, Title 21, United States Code, Sections 841 and 846.

21. It was part of the conspiracy that defendants **JOSE LUIS REYNALDO REYES-CASTILLO, DAVID ARTURO PEREZ-MANCHAME, JOEL VARGAS-ESCOBAR**, and **ALEXANDER DE JESUS FIGUEROA-TORRES** each agreed that a co-conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

**Overt Acts**

22. In furtherance of the racketeering conspiracy, and to accomplish the object of the racketeering conspiracy, defendants **JOSE LUIS REYNALDO REYES-CASTILLO, DAVID ARTURO PEREZ-MANCHAME, JOEL VARGAS-ESCOBAR, ALEXANDER DE JESUS FIGUEROA-TORRES**, and others known and unknown to the Grand Jury, committed and caused to be committed various overt acts, within the District of Nevada, and elsewhere, including, but not limited to, the following:

1. Beginning on a date unknown, and continuing through to on or about March 2, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO, DAVID ARTURO PEREZ-MANCHAME, JOEL VARGAS-ESCOBAR, ALEXANDER DE JESUS FIGUEROA-TORRES**, and other MS-13 members distributed, and possessed with intent to distribute, marijuana and methamphetamine.

2. Beginning on a date unknown, and continuing through to on or about March 2, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO, DAVID ARTURO PEREZ-MANCHAME, ALEXANDER DE JESUS FIGUEROA-TORRES,** and other MS-13 members broke into numerous houses and stole jewelry, cash, guns, rifles, and other items of value.

3. Beginning on a date unknown, and continuing through to on or about March 2, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO, DAVID ARTURO PEREZ-MANCHAME, ALEXANDER DE JESUS FIGUEROA-TORRES,** and other MS-13 members sold fraudulent identification documents.

4. On or about March 3, 2017, defendants **JOEL VARGAS-ESCOBAR** and **ALEXANDER DE JESUS FIGUEROA-TORRES** and other MS-13 members shot and killed Daniel Clark.

5. On or about December 18, 2017, **JOSE LUIS REYNALDO REYES-CASTILLO**, along with other MS-13 members, kidnapped and killed Abel Rodriguez by stabbing him to death.

6. On or about December 31, 2017, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **JOEL VARGAS-ESCOBAR**, along with another MS-13 member, met

with other MS-13 members to discuss gang business and coordinate criminal activities in or near Santa Monica, California.

7. On or about December 31, 2017, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **JOEL VARGAS-ESCOBAR** and another MS-13 member shot and killed Richard Gaudio.

8. On or about January 9, 2018, defendant **JOSE LUIS REYNALDO REYES-CASTILLO** and other MS-13 members kidnapped and killed Carlos Pachaca-Rodriguez by shooting and stabbing him to death.

9. On or about January 21, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 members kidnapped and killed Arquimidez Sandoval-Martinez by shooting and stabbing him to death.

10. On or about January 21, 2018, MS-13 members attempted to kill a group of individuals suspected of being rival gang members near a 7-Eleven store at Sahara Avenue and Arville Street in Las Vegas, Nevada.

11. On or about January 31, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 members broke into a vacant house and stole cash, jewelry, guns, and other items of value.

12. On or about February 1, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 members attempted to shoot and kill a suspected rival gang member.

13.    On or about February 2, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and another MS-13 member shot and killed Juan Carlos Estrada-Raya.

14.    On or about February 6, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 members shot and killed Jose Hernandez-Cedillo.

15.    On or about February 6, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 members shot and killed Ricardo Olivas-Mendoza.

16.    On or about February 6, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 members attempted to kill J.C. by shooting and wounding him.

17.    On an unknown date after on or about February 6, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 gang members traveled from Las Vegas, Nevada to Los Angeles, California to meet with other MS-13 members, transfer a gun from MS-13 members in Las Vegas to MS-13 members in Los Angeles, and obtain a quantity of marijuana and methamphetamine intended for sale in Las Vegas.

18.    On or about February 9, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 members kidnapped and killed Izaak Towery by stabbing him to death.

19.     In or around February 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 members traveled from Las Vegas, Nevada to Mendota, California to meet with other MS-13 members to discuss and coordinate gang activities, transfer a gun from MS-13 members in Las Vegas to MS-13 members in Mendota, and conduct a "jumping in" ceremony for an MS-13 member.

20.     In or around February 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 members kidnapped Rony Pashaca-Fuentes and shot him to death.

21.     Between in or around February 2018 and in or around March 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 members attempted to kidnap and kill an individual from Honduras suspected of being a rival gang member.

22.     Between in or around February 2018 and in or around March 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and other MS-13 members discussed a plan to shoot at an individual suspected of being a rival gang member who worked at a granite company.

23.     Between in or around January 2018 and in or around March 2018, an MS-13 member robbed an Elvis impersonator at gunpoint and stole money from the victim.

24.     On or about March 1, 2018, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** and another MS-13 member kidnapped and killed Earl Ryan by stabbing him to death.

25.     Between in or around January 2021 and in or around May 2021, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME** communicated threats to a potential witness that they would harm the witness's family if the witness cooperated with law enforcement.

26. On or about October 5, 2023, defendant **JOSE LUIS REYNALDO REYES-CASTILLO** possessed contraband, specifically two sharp blades that were found in the defendant's sandals and a note that contained MS-13 related business that was found in the defendant's anus.

**SPECIAL SENTENCING FACTORS**

**Number 1:     Murder of Daniel Clark**

On or about March 3, 2017, in the District of Nevada, defendants **JOEL VARGAS-ESCOBAR** and **ALEXANDER DE JESUS FIGUEROA-TORRES**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, with malice aforethought, and with premeditation kill and did aid in the killing of, another, to wit: Daniel Clark, in violation of Nevada Revised Statutes, Sections 200.010, 200.030(1) and (2), and 195.020.

**Number 2:     Murder of Abel Rodriguez**

On or about December 18, 2017, in the Eastern District of California, defendant **JOSE LUIS REYNALDO REYES-CASTILLO**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, with malice aforethought, and with premeditation, kill and did aid in the killing of, another, to wit Abel Rodriguez, in violation of California Penal Code Sections 31, 187, 188, and 189.

**Number 3:   Murder of Richard Gaudio**

On or about December 31, 2017, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **JOEL VARGAS-ESCOBAR**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, with malice aforethought, and with premeditation kill and did aid in the killing of, another, to wit: Richard Gaudio, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

**Number 4:   Murder of Carlos Pachaca-Rodriguez**

On or about January 9, 2018, in the District of Nevada, defendant **JOSE LUIS REYNALDO REYES-CASTILLO**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, with malice aforethought, and with premeditation kill and did aid in the killing of, another, to wit: Carlos Pachaca-Rodriguez, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

**Number 5:   Murder of Arquimidez Sandoval-Martinez**

On or about January 21, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, with malice aforethought, and with premeditation kill and did aid in the killing of, another, to wit: Arquimidez Sandoval-Martinez, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

**Number 6:   Murder of Juan Carlos Estrada-Raya**

On or about February 2, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, and others

known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, with malice aforethought, and with premeditation kill and did aid in the killing of, another, to wit: Juan Carlos Estrada-Raya, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

**Number 7:    Murder of Jose Hernandez-Cedillo**

On or about February 6, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, with malice aforethought, and with premeditation kill and did aid in the killing of, another, to wit: Jose Hernandez-Cedillo, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

**Number 8:    Murder of Ricardo Olivas-Mendoza**

On or about February 6, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, with malice aforethought, and with premeditation kill and did aid in the killing of, another, to wit: Ricardo Olivas-Mendoza, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

**Number 9:    Murder of Izaak Towery**

On or about February 9, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, with malice

aforethought, and with premeditation kill and did aid in the killing of, another, to wit: Izaak Towery, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

**Number 10:   Murder of Rony Pashaca-Fuentes**

In or around February 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, with malice aforethought, and with premeditation kill and did aid in the killing of, another, to wit: Rony Pashaca-Fuentes, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

**Number 11:   Murder of Earl Ryan**

On or about March 1, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, with malice aforethought, and with premeditation kill and did aid in the killing of, another, to wit: Earl Ryan, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO
### (Murder in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.    At all times relevant to this Second Superseding Indictment, MS-13, as more fully described in Paragraphs One through Eighteen of Count One of this Superseding Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, including its leaders, members, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.    At all times relevant to this Second Superseding Indictment, the above-described MS-13 enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, (1) acts involving murder, in violation of Nevada Revised Statutes , Sections 200.010, 200.030, 193.330, 195.020, 199.480, and 199.490; kidnapping, in violation of Nevada Revised Statutes , Sections 200.310, 193.330, 195.020, 199.480, and 199.490; and robbery, in violation of Nevada Revised Statutes , Sections 200.380, 193.330, 195.020, 199.480, and 199.490; (2) acts indictable under Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents); and (3) offenses involving the possession with intent to distribute and distribution of controlled substances, including marijuana and methamphetamine, in violation of Title 21, United States Code, Sections 841 and 846.

3.      On or about March 3, 2017, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOEL VARGAS-ESCOBAR** and **ALEXANDER DE JESUS FIGUEROA-TORRES**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally murder Daniel Clark, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT THREE
**(Using and Carrying of a Firearm During and in Relation to a Crime of Violence)**

**THE GRAND JURY FURTHER CHARGES:**

On or about March 3, 2017, in the District of Nevada, defendants **JOEL VARGAS-ESCOBAR** and **ALEXANDER DE JESUS FIGUEROA-TORRES**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, to wit: Murder in Aid of Racketeering, as set forth in Count Two of this Second Superseding Indictment, and in the course of such offense, discharged a firearm.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT FOUR
### (Causing Death Through the Use of a Firearm)

**THE GRAND JURY FURTHER CHARGES:**

On or about March 3, 2017, in the District of Nevada, defendants **JOEL VARGAS-ESCOBAR** and **ALEXANDER DE JESUS FIGUEROA-TORRES**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, in the course of a violation of Title 18, United States Code, Section 924(c)(1)(A), as set forth in Count Three of this Second Superseding Indictment, did cause the death of Daniel Clark through the use of a firearm, which killing is a murder, as defined in 18 U.S.C. § 1111.

In violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT FIVE
### (Murder in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.      Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about December 31, 2017, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **JOEL VARGAS-ESCOBAR**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally murder Richard Gaudio, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT SIX
### (Using and Carrying of a Firearm During and in Relation to a Crime of Violence)

**THE GRAND JURY FURTHER CHARGES:**

On or about December 31, 2017, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **JOEL VARGAS-ESCOBAR**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, to wit: Murder in Aid of Racketeering, as set forth in Count Five of this Second Superseding Indictment, and in the course of such offense, discharged a firearm.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT SEVEN
### (Causing Death Through the Use of a Firearm)

**THE GRAND JURY FURTHER CHARGES:**

On or about December 31, 2017, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **JOEL VARGAS-ESCOBAR**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, in the course of a violation of Title 18, United States Code, Section 924(c)(1)(A), as set forth in Count Six of this Second Superseding Indictment, did cause the death of Richard Gaudio through the use of a firearm, which killing is a murder, as defined in 18 U.S.C. § 1111.

In violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT EIGHT
### (Murder in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.    Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.    On or about January 9, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendant **JOSE LUIS REYNALDO REYES-CASTILLO**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally murder Carlos Pachaca-Rodriguez, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT NINE
### (Kidnapping in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.      Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about January 9, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendant **JOSE LUIS REYNALDO REYES-CASTILLO**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally kidnap Carlos Pachaca-Rodriguez, in violation of Nevada Revised Statutes , Sections 200.310 and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT TEN
**(Using and Carrying of a Firearm During and in Relation to a Crime of Violence)**

**THE GRAND JURY FURTHER CHARGES:**

On or about January 9, 2018, in the District of Nevada, defendant **JOSE LUIS REYNALDO REYES-CASTILLO**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, to wit: Murder in Aid of Racketeering, as set forth in Count Eight of this Second Superseding Indictment, and in the course of such offense, discharged a firearm.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT ELEVEN
**(Causing Death Through the Use of a Firearm)**

**THE GRAND JURY FURTHER CHARGES:**

On or about January 9, 2018, in the District of Nevada, defendant **JOSE LUIS REYNALDO REYES-CASTILLO**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, in the course of a violation of Title 18, United States Code, Section 924(c)(1)(A), as set forth in Count Ten of this Second Superseding Indictment, did cause the death of Carlos Pachaca-Rodriguez through the use of a firearm, which killing is a murder, as defined in 18 U.S.C. § 1111.

In violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT TWELVE
### (Murder in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.    Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.    On or about January 21, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally murder Arquimidez Sandoval-Martinez, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT THIRTEEN
### (Kidnapping in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.      Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about January 21, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally kidnap Arquimidez Sandoval-Martinez, in violation of Nevada Revised Statutes , Sections 200.310 and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT FOURTEEN
### (Using and Carrying of a Firearm During and in Relation to a Crime of Violence)

**THE GRAND JURY FURTHER CHARGES:**

On or about January 21, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, to wit: Murder in Aid of Racketeering, as set forth in Count Twelve of this Second Superseding Indictment, and in the course of such offense, discharged a firearm.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT FIFTEEN
### (Causing Death Through the Use of a Firearm)

**THE GRAND JURY FURTHER CHARGES:**

On or about January 21, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, in the course of a violation of Title 18, United States Code, Section 924(c)(1)(A), as set forth in Count Fourteen of this Second Superseding Indictment, did cause the death of Arquimidez Sandoval-Martinez through the use of a firearm, which killing is a murder, as defined in 18 U.S.C. § 1111.

In violation of Title 18, United States Code, Sections 924(j) and 2.

<u>**COUNT SIXTEEN**</u>
**(Murder in Aid of Racketeering)**

**THE GRAND JURY FURTHER CHARGES:**

1.     Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about February 2, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally murder Juan Carlos Estrada-Raya, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT SEVENTEEN
### (Using and Carrying of a Firearm During and in Relation to a Crime of Violence)

THE GRAND JURY FURTHER CHARGES:

On or about February 2, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, to wit: Murder in Aid of Racketeering, as set forth in Count Sixteen of this Second Superseding Indictment, and in the course of such offense, discharged a firearm.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT EIGHTEEN
### (Causing Death Through the Use of a Firearm)

**THE GRAND JURY FURTHER CHARGES:**

On or about February 2, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, in the course of a violation of Title 18, United States Code, Section 924(c)(1)(A), as set forth in Count Seventeen of this Second Superseding Indictment, did cause the death of Juan Carlos Estrada-Raya through the use of a firearm, which killing is a murder, as defined in 18 U.S.C. § 1111.

In violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT NINETEEN
### (Murder in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.      Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about February 6, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally murder Jose Hernandez-Cedillo, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT TWENTY
### (Using and Carrying of a Firearm During and in Relation to a Crime of Violence)

**THE GRAND JURY FURTHER CHARGES:**

On or about February 6, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, to wit: Murder in Aid of Racketeering, as set forth in Count Nineteen of this Second Superseding Indictment, and in the course of such offense, discharged a firearm.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT TWENTY-ONE
### (Causing Death Through the Use of a Firearm)

**THE GRAND JURY FURTHER CHARGES:**

On or about February 6, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, in the course of a violation of Title 18, United States Code, Section 924(c)(1)(A), as set forth in Count Twenty of this Second Superseding Indictment, did cause the death of Jose Hernandez-Cedillo through the use of a firearm, which killing is a murder, as defined in 18 U.S.C. § 1111.

In violation of Title 18, United States Code, Sections 924(j) and 2.

**COUNT TWENTY-TWO**
**(Murder in Aid of Racketeering)**

**THE GRAND JURY FURTHER CHARGES:**

1.    Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.    On or about February 6, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally murder Ricardo Olivas-Mendoza, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT TWENTY-THREE
### (Using and Carrying of a Firearm During and in Relation to a Crime of Violence)

**THE GRAND JURY FURTHER CHARGES:**

On or about February 6, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, to wit: Murder in Aid of Racketeering, as set forth in Count Twenty-Two of this Second Superseding Indictment, and in the course of such offense, discharged a firearm.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT TWENTY-FOUR
### (Causing Death Through the Use of a Firearm)

**THE GRAND JURY FURTHER CHARGES:**

On or about February 6, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, in the course of a violation of Title 18, United States Code, Section 924(c)(1)(A), as set forth in Count Twenty-Three of this Second Superseding Indictment, did cause the death of Ricardo Olivas-Mendoza through the use of a firearm, which killing is a murder, as defined in 18 U.S.C. § 1111.

In violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT TWENTY-FIVE
### (Attempted Murder in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.      Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about February 6, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally attempt to murder J.C., in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), 193.330, 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

## COUNT TWENTY-SIX
### (Using and Carrying of a Firearm During and in Relation to a Crime of Violence)

THE GRAND JURY FURTHER CHARGES:

On or about February 6, 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, to wit: Attempted Murder in Aid of Racketeering, as set forth in Count Twenty-Five of this Second Superseding Indictment, and in the course of such offense, discharged a firearm.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT TWENTY-SEVEN
### (Murder in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.      Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about February 9, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally murder Izaak Towery, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT TWENTY-EIGHT
### (Kidnapping in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.      Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about February 9, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally kidnap Izaak Towery, in violation of Nevada Revised Statutes , Sections 200.310 and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT TWENTY-NINE
### (Murder in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.    Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.    In or around February 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally murder Rony Pashaca-Fuentes, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT THIRTY
### (Kidnapping in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.     Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     In or around February 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally kidnap Rony Pashaca-Fuentes, in violation of Nevada Revised Statutes , Sections 200.310 and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT THIRTY-ONE
**(Using and Carrying of a Firearm During and in Relation to a Crime of Violence)**

**THE GRAND JURY FURTHER CHARGES:**

In or around February 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, to wit: Murder in Aid of Racketeering, as set forth in Count Twenty-Nine of this Second Superseding Indictment, and in the course of such offense, discharged a firearm.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and Section 2.

## COUNT THIRTY-TWO
### (Causing Death Through the Use of a Firearm)

**THE GRAND JURY FURTHER CHARGES:**

In or around February 2018, in the District of Nevada, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, in the course of a violation of Title 18, United States Code, Section 924(c)(1)(A), as set forth in Count Thirty-One of this Second Superseding Indictment, did cause the death of Rony Pashaca-Fuentes through the use of a firearm, which killing is a murder, as defined in 18 U.S.C. § 1111.

In violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT THIRTY-THREE
### (Murder in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.      Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about March 1, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally murder Earl Ryan, in violation of Nevada Revised Statutes , Sections 200.010, 200.030(1) and (2), and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT THIRTY-FOUR
### (Kidnapping in Aid of Racketeering)

**THE GRAND JURY FURTHER CHARGES:**

1.      Paragraphs One and Two of Count Two of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about March 1, 2018, in the District of Nevada, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants **JOSE LUIS REYNALDO REYES-CASTILLO** and **DAVID ARTURO PEREZ-MANCHAME**, along with others known and unknown to the Grand Jury, while aiding and abetting each other, did knowingly and intentionally kidnap Earl Ryan, in violation of Nevada Revised Statutes , Sections 200.310 and 195.020.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## SPECIAL FINDINGS FOR DEFENDANT JOSE LUIS REYNALDO REYES-CASTILLO

1. The allegations set forth in Counts 1-34 are hereby realleged and incorporated by reference as if fully set forth herein.

2. During Counts 5, 7, 8, 11, 12, 15, 16, 18, 19, 21, 22, 24, 27, 29, 32, and 33, of this Second Superseding Indictment, defendant **JOSE LUIS REYNALDO REYES-CASTILLO**:

   a. was at least 18 years of age or older at the time of the offenses, pursuant to 18 U.S.C. § 3591(a), and

   b. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and victims Richard Gaudio, Carlos Pachaca-Rodriguez, Arquimidez Sandoval-Martinez, Juan Carlos Estrada-Raya, Jose Hernandez-Cedillo, Ricardo Olivas-Mendoza, Izaak Towery, Rony Pashaca-Fuentes, and Earl Ryan died as a direct result of the acts, pursuant to 18 U.S.C. § 3591(a)(2)(C).

3. As to Counts 8, 11, 12, 15, 27, 29, 32, and 33, of this Second Superseding Indictment, victims Carlos Pachaca-Rodriguez, Arquimidez Sandoval-Martinez, Izaak Towery, Rony Pashaca-Fuentes, and Earl Ryan died during defendant **JOSE LUIS REYNALDO REYES-CASTILLO**'s commission or attempted commission of the offense of kidnapping under 18 U.S.C. § 1201, pursuant to 18 U.S.C. § 3592(c)(1).

4. As to Counts 5 and 7 of this Second Superseding Indictment, defendant **JOSE LUIS REYNALDO REYES-CASTILLO**, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to victim Richard Gaudio, pursuant to 18 U.S.C. § 3592(c)(5).

5. As to Counts 19, 21, 22, and 24 of this Second Superseding Indictment, defendant **JOSE LUIS REYNALDO REYES-CASTILLO**, in the commission of the offenses, knowingly created a grave risk of death to one or more persons in addition to victims Jose Hernandez-Cedillo and Ricardo Olivas-Mendoza, pursuant to 18 U.S.C. § 3592(c)(5).

6. As to Counts 8, 11, 12, 15, 27, and 33 of this Second Superseding Indictment, defendant **JOSE LUIS REYNALDO REYES-CASTILLO** committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victims Carlos Pachaca-Rodriguez, Arquimidez Sandoval-Martinez, Izaak Towery, and Earl Ryan, pursuant to 18 U.S.C. § 3592(c)(6).

7. As to Counts 5, 7, 8, 11, 12, 15, 16, 18, 19, 21, 22, 24, 27, 29, 32, and 33 of this Second Superseding Indictment, defendant **JOSE LUIS REYNALDO REYES-CASTILLO** committed the offenses after substantial planning and premeditation to cause the deaths of victims Richard Gaudio, Carlos Pachaca-Rodriguez, Arquimidez Sandoval-Martinez, Juan Carlos Estrada-Raya, Jose Hernandez-Cedillo, Ricardo Olivas-Mendoza, Izaak Towery, Rony Pashaca-Fuentes, and Earl Ryan, pursuant to 18 U.S.C. § 3592(c)(9).

8. As to Counts 19, 21, 22, and 24, of this Second Superseding Indictment, defendant **JOSE LUIS REYNALDO REYES-CASTILLO** killed or attempted to kill multiple people, pursuant to 18 U.S.C. § 3592(c)(16).

**SPECIAL FINDINGS FOR DEFENDANT DAVID ARTURO PEREZ-MANCHAME**

1. The allegations set forth in Counts 1-34 are hereby realleged and incorporated by reference as if fully set forth herein.

2. During Counts 12, 15, 16, 18, 19, 21, 22, 24, 27, 29, 32, and 33 of this Second Superseding Indictment, defendant **DAVID ARTURO PEREZ-MANCHAME**:

    a.  was at least 18 years of age or older at the time of the offenses, pursuant to 18 U.S.C. § 3591(a), and

    b.  intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and victims Arquimidez Sandoval-Martinez, Juan Carlos Estrada-Raya, Jose Hernandez-Cedillo, Ricardo Olivas-Mendoza, Izaak Towery, Rony Pashaca-Fuentes, and Earl Ryan died as a direct result of the acts, pursuant to 18 U.S.C. § 3591(a)(2)(C).

3.  As to Counts 12, 15, 27, 29, 32, and 33 of this Second Superseding Indictment, victims Arquimidez Sandoval-Martinez, Izaak Towery, Rony Pashaca-Fuentes, and Earl Ryan died during defendant **DAVID ARTURO PEREZ-MANCHAME**'s commission or attempted commission of the offense of kidnapping under 18 U.S.C. § 1201, pursuant to 18 U.S.C. § 3592(c)(1).

4.  As to Counts 19, 21, 22, and 24 of this Second Superseding Indictment, defendant **DAVID ARTURO PEREZ-MANCHAME**, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to victims Jose Hernandez-Cedillo and Ricardo Olivas-Mendoza, pursuant to 18 U.S.C. § 3592(c)(5).

5.  As to Counts 12, 15, 27, and 33 of this Second Superseding Indictment, defendant **DAVID ARTURO PEREZ-MANCHAME** committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to victims Arquimidez Sandoval-Martinez, Izaak Towery, and Earl Ryan, pursuant to 18 U.S.C. § 3592(c)(6).

6. As to Counts 12, 15, 16, 18, 19, 21, 22, 24, 27, 29, 32, and 33 of this Second Superseding Indictment, defendant **DAVID ARTURO PEREZ-MANCHAME** committed the offenses after substantial planning and premeditation to cause the deaths of victims Arquimidez Sandoval-Martinez, Juan Carlos Estrada-Raya, Jose Hernandez-Cedillo, Ricardo Olivas-Mendoza, Izaak Towery, Rony Pashaca-Fuentes, and Earl Ryan, pursuant to 18 U.S.C. § 3592(c)(9).

7. As to Counts 19, 21, 22, and 24 of this Second Superseding Indictment, defendant **DAVID ARTURO PEREZ-MANCHAME** killed or attempted to kill multiple people, pursuant to 18 U.S.C. § 3592(c)(16).

**DATED:** this 26ᵗʰ day of June, 2024.

**A TRUE BILL:**

/S/
Foreperson of the Grand Jury

JASON FRIERSON
United States Attorney

**MELANEE SMITH**
Assistant United States Attorney
District of Nevada

For CHRISTOPHER O. TAYLOR
Trial Attorney
Violent Crime and Racketeering Section
U.S. Department of Justice

JACOB OPERSKALSKI
Assistant United States Attorney
District of Nevada

JEREMY I. FRANKER
Trial Attorney
Violent Crime and Racketeering Section
U.S. Department of Justice