**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

                  Plaintiff,

vs.

JOSE LUIS REYNALDO REYES-CASTILLO, *et al.*,

                  Defendants.

Case No.: 2:19-cr-00103-GMN-MDC

**ORDER DENYING MOTION TO EXCLUDE**

Pending before the Court is the Motion to Exclude Evidence of Overt Acts 26-28 of the Charged RICO Conspiracy ("Motion to Exclude"), (ECF No. 547), filed by Defendant Reyes-Castillo.  The Government filed a Response, (ECF No. 558), to which Reyes-Castillo filed a reply, (ECF No. 559).[1]

For the reasons discussed below, the Court DENIES the Motion to Exclude, (ECF No. 547).

I. <u>**BACKGROUND**</u>

Defendants Perez-Manchame, Reyes-Castillo, and Vargas-Escobar are charged in count one of the Third Superseding Indictment ("Indictment"), (ECF No. 223), with conspiring to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d) (the "RICO Conspiracy"). (Indictment 2:1–19:1, ECF No. 223).  The Indictment states that the Defendants conspired "to conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 enterprise through a pattern of racketeering activity," beginning on "a date unknown" and "continuing up through and including" the date on which the Indictment was filed. (*Id.*

---

[1] Reyes-Castillo also filed an Errata, (ECF No. 560), which corrects two errors in his Reply.

8:19–9:5).  The Indictment also provides a list of overt acts the Defendants committed in furtherance of the RICO Conspiracy. (*Id.* 10:17–15:15).

Overt acts 26–28 relate to three instances of Reyes-Castillo's conduct while incarcerated at the Nevada Southern Detention Center ("NSDC"). (*See id.* 15:5–14).  Overt act 26 alleges that, on or about September 15, 2022, Reyes-Castillo, along with other MS-13 members, "attacked and stabbed" A.N.G., another MS-13 member. (*Id.* 5:5–7).  The parties explain that, in January 2020, while incarcerated in Virginia, A.N.G. and M.F., another MS-13 member, assaulted a "Mexican Mafia leader" for being "disrespectful to MS-13." (Mot. Exclude 4:14–19, ECF No. 547); (Resp. 6:5–9, ECF No. 558).  However, because that assault had not been sanctioned by MS-13 leadership, the Government alleges that Reyes-Castillo and other MS-13 members subsequently stabbed A.N.G. for breaking "the rules of the gang." (Resp. 6:5–9).

Overt act 27 alleges that, on or about October 5, 2023, while Reyes-Castillo was passing through a metal detector in NSDC, "two sharp blades" were found in his sandals. (Indictment 15:8–11).  Following a strip search, an "illicit note that discussed the murder of another individual" was found in Reyes-Castillo's anus. (*Id.*); (Resp. 6:11–12).  Finally, overt act 28 alleges that on or about January 9, 2025, Reyes-Castillo was again found in possession of "two sharp blades." (Indictment 5:12–14).

Reyes-Castillo now moves to exclude evidence of these overt acts under Federal Rule of Evidence ("FRE") 401, 403, and 404(a)–(b). (*See generally* Mot. Exclude).

## II.   LEGAL STANDARD

### A.   Relevance Under the Federal Rules of Evidence

FRE 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401.  It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019)

("Deciding whether a fact is of consequence in determining the action generally requires considering the substantive issues the case presents.") (internal quotation marks omitted). Courts have recognized that Rule 401's "basic standard of relevance ... is a liberal one." *Crawford*, 944 F.3d at 1077.

FRE 402 explicitly prohibits the admission of "irrelevant" evidence. Fed. R. Evid. 402. The Rule provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court.  Irrelevant evidence is not admissible." Fed. R. Evid. 402.

**B.  Other Act Evidence Under FRE 404(b)**

Evidence of "other crimes, wrong, or acts" is subject to FRE 404(b) unless the evidence is "directly related to, or inextricably intertwined with, the crime charged in the indictment." *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003) (citation omitted).  Evidence is "inextricably intertwined" when it either constitutes a portion of the transaction giving rise to the criminal charge or is necessary to allow the prosecution "to offer a coherent and comprehensible story regarding the commission of the crime[.]" *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995).  "In determining whether particular evidence is necessary to the prosecution's 'coherent and comprehensible story,'" the relevant inquiry is "whether the evidence bears directly on the charged crime." *United States v. Wells*, 879 F.3d 900, 928–29 (9th Cir. 2018).  "There must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)." *Vizcarra-Martinez*, 66 F.3d at 1013.

If evidence of "any other crime, wrong, or act" does not qualify as direct evidence, the Court must evaluate it under Federal Rule of Evidence 404(b). Fed. R. Evid. 404(b)(1).  That Rule provides that such evidence is inadmissible to prove character or criminal propensity, but may be admissible for other purposes, "such proving motive, opportunity, intent, preparation,

plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Further, a prosecutor intending to offer FRE 404(b) evidence in a criminal case must provide reasonable notice of the evidence in writing along with an articulation in the notice of "the permitted purpose for which the prosecutor intends to offer the evidence." Fed. R. Evid. 404(b)(3)(A)–(C).  This Court previously ordered that the Government must provide notice of any FRE 404(b) evidence at least thirty days prior to trial. (*See* Notice Order, ECF No. 235).

The Ninth Circuit follows a four-part test to determine whether a prior bad act is admissible: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002).  The evidence is admissible if the Court finds that each element is proven by a preponderance of the evidence. Fed. R. Evid. 104(a); *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

**B. Exclusion of Evidence under FRE 403**

Under FRE 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

**III.    <u>DISCUSSION</u>**

In his Motion to Exclude, Reyes-Castillo argues that evidence of overt acts 26–28 is irrelevant, inadmissible "other act" evidence under FRE 404(b), and alternatively, inadmissible under FRE 403 because its probative value is substantially outweighed by a risk of unfair

prejudice. (*See* Mot. Exclude 5:1–7:20).  In response, the Government first contends that Reyes-Castillo's Motion to Exclude is untimely filed. (Resp. 4:2–20).  Further, the Government avers that evidence of the overt acts at issue is admissible as direct evidence of the charged RICO Conspiracy and should not be excluded under FRE 403. (*Id.* 5:2–7:13).  The Court addresses each argument in turn, beginning with the Government's contention that the Motion to Exclude is untimely.

**A.  Timeliness**

The Court's Order Regarding Trial, (ECF No. 236), instructs that "Motions in Limine shall be filed at least 21 days before Calendar Call." (Order Regarding Trial 3:15–16, ECF No. 236).  Calendar Call in this case took place on March 3, 2026. (Calendar Call Minutes, ECF No. 415).  Reyes-Castillo filed the instant Motion to Exclude on May 4, 2026, rendering it significantly late.  Reyes-Castillo contends that the Motion is nonetheless timely because he only received the FBI 302 summary of an interview with M.F., who will testify to the circumstances of A.N.G.'s stabbing for the Government, on February 24, 2026, well after the Court's Motions in Limine deadline. (Reply 2:15–19, ECF No. 559).  Prior to the receipt of that document, Reyes-Castillo asserts that he did not know that the alleged stabbing of A.N.G. was "based on a prior unauthorized stabbing" that A.N.G. committed in Virginia. (*Id.* 2:20–23). Thus, Reyes-Castillo had not learned that the alleged stabbing of A.N.G. was "unrelated to and not direct evidence of" the charged RICO Conspiracy until the Court's Motion in Limine deadline had lapsed. (*Id.* 2:23–25).

Given that much of the argument contained in the Motion to Exclude characterizes evidence of overt acts 26–28 as "other act" evidence unrelated to the charged RICO Conspiracy, the Court finds this explanation credible.  While the Government argues that Reyes-Castillo had notice of the evidence when the Second Superseding Indictment and Third Superseding Indictment were filed, (Resp. 4:9–20), overt act 26 says nothing about the alleged

reason for the attack on A.N.G. (*See* Indictment 15:5–7).  However, Reyes-Castillo's timeliness argument only holds with respect to overt act 26; overt acts 27–28 are fully described in the Indictment, which was filed on February 25, 2025, and thus there was nothing preventing Reyes-Castillo from raising arguments regarding evidence of those acts prior to the Motions in Limine cut-off. (*See id.* 15:8–14).  Therefore, while the portions of the Motion to Exclude pertaining to overt act 26 are timely, the portions pertaining to overt acts 27–28 are untimely.

Regardless, the Court will address the Motion to Exclude on its merits.

**B.  Evidence of Overt Acts 26–28 is Direct Evidence of the Charged RICO Conspiracy**

Reyes-Castillo argues that evidence of overt acts 26–28 should be excluded as "other act" evidence under FRE 404(b) because those acts occurred years after the charged RICO Conspiracy terminated and are unrelated to the charged RICO Conspiracy. (Mot. Exclude 5:25–7:20); (Reply 3:3–4:25).  The Government argues in response that the evidence of overt acts 26–28 show Reyes-Castillo's "continued participation in the enterprise's activities," and that his possession of sharp blades "supports the pattern of racketeering activity as it relates to witness intimidation." (Resp. 6:5–21).

**1.  The Timing of Overt Acts 26–28 Does Not Bar Admission**

The Court first notes that Reyes-Castillo's assertion that the charged RICO Conspiracy terminated "upon the [D]efendants' arrests" is incorrect. (Reply 3:21–22).  The Indictment explicitly states that the RICO Conspiracy charged in Count One continued "up through and including" the date on which the Indictment was filed: February 25, 2025. (Indictment 8:19–9:5).  Indeed, Reyes-Castillo offers no support for his assertion that the charged conspiracy instead terminated when the Defendants were arrested.  Nor does the Indictment limit the object of the conspiracy to pre-arrest conduct—the Indictment identifies post-arrest witness tampering as part of the pattern of racketeering activity through which the Defendants allegedly conducted

the affairs of the enterprise. (*See, e.g.*, *id.* 15:1–4) (alleging that Defendants "communicated threats to a potential witness" in 2021, three years after their arrest).  Thus, the timing of the acts alone is insufficient to reduce them to "other act" evidence under FRE 404(b).

### 2.  Overt Acts 26–28 Are Inextricably Intertwined with the Charged RICO Conspiracy

Evidence of "any other crime, wrong, or act" is admissible as direct evidence if it is "directly related to, or inextricably intertwined with, the crime charged in the indictment." *Lillard*, 354 F.3d at 854 (citation omitted).  Evidence is "inextricably intertwined" when it either constitutes a portion of the transaction giving rise to the criminal charge or is necessary to allow the prosecution "to offer a coherent and comprehensible story regarding the commission of the crime[.]" *Vizcarra-Martinez*, 66 F.3d at 1012–13 (9th Cir. 1995).

With respect to the first category, "[t]he policies underlying [Rule] 404(b) are inapplicable when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions." *Vizcarra–Martinez*, 66 F.3d at 1012 (quoting *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993)) (internal quotation marks omitted).  Regarding the second category, the Ninth Circuit has explained that "it is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *Vizcarra-Martinez*, 66 F.3d at 1013.  For example, in *United States v. Daly*, the Ninth Circuit found that evidence of a shoot-out was "inextricably intertwined" with the charge that the defendant was a felon in possession of a firearm because it "was necessary to put [the defendant's] illegal conduct into context and to rebut his claims of self defense." 974 F.2d 1215, 1216 (9th Cir. 1992).

Under either category, the Government "must make an affirmative showing how proof of each incident it seeks to admit constitutes proof of the scope of a charged conspiracy."

*United States v. Cervantes*, 170 F. Supp. 3d 1226, 1234 (N.D. Cal. 2016) (citing *United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004)).  For the reasons discussed below, the Court finds that the Government has done so here with respect to each of the implicated overt acts.

The Court begins with overt act 26, which alleges that Reyes-Castillo and other MS-13 members assaulted A.N.G. for the unauthorized stabbing in Virginia.  The Government contends that this incident directly bears on the charged RICO Conspiracy because it demonstrates Reyes-Castillo's "continued participation in the enterprise's activities." (Resp. 6:5–9).  Particularly instructive here is *United States v. Yandell*, a criminal RICO case directed towards the Aryan Brotherhood. No. 2:19-cr-00107-KJM, 2024 WL 694373 (E.D. Cal. Feb. 20, 2024).  There, the district court admitted evidence of an uncharged attempted murder allegedly committed by the defendant's co-conspirators while incarcerated. *Yandell*, 2024 WL 694373, at *3.  Specifically, the defendant's co-conspirators ordered a "hit" on another inmate who refused to cover up a shamrock tattoo in violation of the Aryan Brotherhood's rules. *Id.*  The *Yandell* court found that the evidence was inextricably intertwined with the charged conspiracy because it provided "direct evidence of the existence and nature of the Aryan Brotherhood's affairs, [the defendant's] knowledge of the Aryan Brotherhood's activities and a specific racketeering activity charged in the indictment." *Id.* (citing *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (defendants must be "aware of the essential nature and scope of the enterprise and [intend] to participate in it")).

Here, the alleged attack on A.N.G. was sanctioned by MS-13 leadership because A.N.G. had broken the gang's rules.  Like the attempted murder in *Yandell*, evidence of the attack thus directly bears on the nature of the enterprise, Reyes-Castillo's knowledge of the enterprise's activities, and his continued association with the enterprise.  The fact that the genesis of the attack took place in Virginia is not sufficient to render it "unrelated" to the charged RICO

Conspiracy.

The Court next addresses overt acts 27–28, which allege that on two separate occasions, Reyes-Castillo was found in possession of "two sharp blades" and a note discussing "the murder of another individual." (Indictment 15:8–14).  As the Government explains, evidence of these acts "supports the pattern of racketeering activity as it relates to witness intimidation." (Resp. 6:15–21).  Possession of weapons taken together with a note authorizing the murder of another individual again bears directly on the existence and nature of the enterprise's affairs, Reyes-Castillo's knowledge of the enterprise's activities, and a specific racketeering activity charged in the indictment. *Yandell*, 2024 WL 694373, at *3.  Further, evidence of these overt acts is necessary to allow the prosecution "to offer a coherent and comprehensible story regarding the commission of the crime[.]" *Vizcarra Martinez*, 66 F.3d at 1012–13.  Evidence that Reyes-Castillo was both aware of and participated in the methods by which MS-13 affects witness intimidation and that he possessed the tools necessary to carry that task out helps to explain the "events surrounding the commission" of the charged pattern of racketeering activity. *Id.* at 1013.

In sum, the Court finds that the evidence of overt acts 26–28 is inextricably intertwined with the charged RICO Conspiracy and is admissible as direct evidence.

**C.  Evidence of Overt Acts 26–28 is Admissible Under FRE 403**

Finally, the Court turns to Reyes-Castillo's argument that the evidence of overt acts 26–28 is inadmissible under FRE 403. (Mot. Exclude 6:19–22, 7:10–20); (Reply 4:3–25).  Specifically, Reyes-Castillo contends that the evidence of overt acts 26–28 provides little probative value, specifically where Reyes-Castillo "has conceded MS-13 membership." (Reply 4:6–7) (citing *Old Chief*, 519 U.S. at 184).  Further, he asserts that the evidence carries a significant risk of unfair prejudice because it is "propensity evidence that 'provokes a response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly

apart from its judgment as to his guilt or innocence of the crime charged.'" (Mot. Exclude 7:14–20) (quoting *United Stats v. Hodges*, 770 F.2d 1475, 1480 (9th Cir. 1985)).

The Court disagrees with Reyes-Castillo's characterization of the evidence's probative value as "marginal." (*Id.* 7:10).  While the evidence does tend to show Reyes-Castillo's membership in MS-13, it is also probative for several other reasons.  Taken together, overt acts 26–28 show that MS-13 members who break the rules of the gang face punishment in the form of violence.  Thus, the evidence tends to support the charged pattern of racketeering activity of witness intimidation and corroborates testimony from cooperating witnesses about the consequences they previously faced for disobedience (discipline when gun jammed, etc.) or for their cooperation with police and testimony.  The Court accordingly finds that the probative value of the evidence here is high.

Further, the risk of unfair prejudice to Reyes-Castillo does not "substantially outweigh" that significant probative value. Fed. R. Evid. 403.  To be sure, given the graphic nature of the evidence, specifically that of overt act 26, *some* risk of triggering an "emotional response" from the jury exists. *Old Chief*, 519 U.S. at 180.  However, given that the jury has heard a significant amount of similarly graphic evidence in this trial, that risk cannot substantially outweigh the high probative value of the evidence at issue here.  Additionally, as the Court explained above, this is not "other act" evidence which presents "the risk that a jury will convict for crimes other than those charged." *Id.* at 181.  Rather, the evidence of overt acts 26–28 is direct evidence of the charged RICO Conspiracy.

Because the evidence here has high probative value which is not substantially outweighed by a risk of unfair prejudice, the Court declines to exclude it under FRE 403.

///

///

///

Page 10 of 11

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Reyes-Castillo's Motion to Exclude, (ECF No. 547), is **DENIED**.


**DATED** this __15__ day of May, 2026.


_____
Gloria M. Navarro, District Judge
United States District Court